# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                         Case No. 8:16-CR-315-T-23JSS

MIGUEL ANGEL CUEVAS FELIZ
_____/

## SENTENCING MEMORANDUM

COMES NOW, the Defendant, MIGUEL ANGEL CUEVAS FELIZ, by and through his undersigned attorney, and hereby files this Sentencing Memorandum, in which he asks this Honorable Court to impose a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing, pursuant to 18 U.S.C. § 3553(a). As grounds in support hereof, Mr. Feliz states:

## History of Case

Mr. Feliz is charged in the instant case with Conspiracy to Possess with the Intent to Distribute, and to Distribute, Five Kilograms or More of Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). Mr. Feliz was arrested on June 27, 2016, after the Coast Guard intercepted a go-fast vessel in international waters, approximately 82 nautical miles south of the Dominican Republic. PSR ¶ 10. On September 28, 2016, Mr. Feliz pled guilty

pursuant to a written plea agreement, this Court accepted the plea, and the matter is set for sentencing on December 12, 2016. PSR¶ 8.

The Pre-Sentence report has been discussed with Mr. Feliz and his objections to the report, prepared by the United States Probation Officer, includes the failure to give an adjustment for minor role and the captain enhancement. He stands ready to be sentenced by this Court and offers the following information to assist the Court in imposing a reasonable sentence.

## **Background**[1]

Mr. Feliz was born in the Dominican Republic, on January 15, 1981. PSR ¶ 35. He was raised by both parents, and while growing up, his father was a gem miner and his mother worked in the fields. Mr. Feliz's family struggled financially, but his father worked long and hard to provide the family with the basic necessities. Mr. Feliz's family is tight knit, and after the death of his two brothers, the family came together to help raise their daughters.

In 2002, Mr. Feliz graduated from high school and began his studies in information technology in the Dominican Republic. After 2 years, he was forced to drop out of college to help his ailing mother caring for his two nephews. Following in his father's footsteps, Mr. Feliz embarked on a career as a miner.

---

[1] Background information is taken from the Presentence Report and counsel's interviews of Mr. Feliz.

The work was grueling and dangerous. He would normally work at a mountain 14 miles outside of town, in search of gem stones that he could later sell, based on their weight and quality. Mining was not always lucrative, and he would sometimes go 3 or 4 months finding no stones. Eventually, Mr. Feliz saved enough money from mining and purchased a fishing boat and started a fishing business. Here, after being captured by the Coast Guard, Mr. Feliz watched the only thing he ever owned sink to the bottom of the ocean, along with his dreams and hopes for the future.

Mr. Feliz has been in a relationship with Yisel Guervarra for 6 years, and they have no children together. Mr. Feliz has a 9-year-old daughter from a previous relationship, however, he terminated contact with her because her mother wished for her new husband to raise her as his own. Mr. Feliz misses his family very much, and he knows that they are suffering because of his poor choices. Thankfully, he has the full love and support from his family and friends, and hopes to be reunited with them soon.

## **Factors supporting a Variance/Departure**

The defense would submit that Mr. Feliz is a good candidate for rehabilitation and that an analysis of the 18 U.S.C. § 3553(a) factors support a finding that the advisory guideline imprisonment range in Mr. Feliz's case is

greater than necessary to accomplish the purposes of sentencing and that a departure/variance in Mr. Feliz's case would be appropriate.

1.	Mr. Feliz pled guilty to the charge of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel, subject to the jurisdiction of the United States.  He had very little knowledge of the scope and structure of the criminal activity, and he did not participate in planning.  Mr. Feliz was not the captain, had no decision making authority, and his role was limited to that of a courier.  Although he was paid to transport the cocaine, his payment was meager compared to the street value of the cocaine.

2.	Mr. Feliz is a 35-year-old man who has led a hard-working and honest life.  He has little education and does not have the necessary skills or the opportunity to advance his education to increase his earning power.  Mr. Feliz engaged in this crime motivated by the desire to make a better life for his family, and not out of greed.  When presented with this lucrative, albeit illegal, opportunity, Mr. Feliz accepted.  However, at the time, due to his dire financial circumstances, and the family pressures, he failed to appreciate the wrongfulness of his conduct.  He expressed that his involvement in this offense is the worst decisions he has ever made in life.

3. Mr. Feliz understands the seriousness of his conduct and is remorseful for having committed this offense. He accepts that he must be punished; however he believes his vulnerability and minor role in the offense with his timely cooperation with the government, are factors this Court should consider in fashioning an adequate and just punishment.

WHEREFORE, because a sentence less than the guidelines honors the factors enumerated in 18 U.S.C. § 3553(a), and is "sufficient but not greater than necessary" to achieve the purposes of sentencing, the Defendant, Miguel Angel Cuevas Feliz, respectfully request this Honorable Court grant a variance that would acknowledge his minor role, cooperation, and his imminent deportation.

DATED this 6th day of December, 2016.

          Respectfully submitted,

          DONNA LEE ELM
          FEDERAL DEFENDER

          */s/ Yvette C. Gray*
          Yvette C. Gray
          Arizona Bar No.0016516
          Assistant Federal Defender
          400 North Tampa Street, Suite 2700
          Tampa, Florida 33602
          Telephone: (813) 228-2715
          Facsimile: (813) 228-2562
          Email: Yvette_Gray@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December, 2016, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to:

AUSA Joseph Ruddy

/s/ *Yvette C. Gray*
Yvette C. Gray
Assistant Federal Defender